[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10694

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEREMIAH BUTLER-JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00008-WFJ-CPT-1

_____

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Jeremiah Butler-Jackson appeals the substantive reasonableness of his fifty-month prison sentence, an upward variance from the guideline range of twenty-seven to thirty-three months, for possession of a firearm and ammunition by a convicted felon. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Butler-Jackson pleaded guilty to possessing a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. sections 922(g)(1) and 924(a)(2). The district court originally sentenced Butler-Jackson to fifty months' imprisonment—an upward variance from the sentencing guideline range of thirty to thirty-seven months based on a criminal history category of VI.

On appeal, we concluded that the district court plainly erred by calculating criminal history points for four of Butler-Jackson's juvenile convictions for which adjudication was withheld. *See United States v. Butler-Jackson*, No. 20-14843, 2022 WL 41728, at *2 (11th Cir. Jan. 5, 2022) (unpublished). Accordingly, we vacated his sentence and remanded for the district court to correctly calculate his guideline range and resentence him considering the corrected range. *Id.* at *3.

On remand, probation recalculated Butler-Jackson's guideline range, which turned out to be twenty-seven to thirty-three

months based on a criminal history category of V.  At the resentencing hearing, the district court adopted the amended presentence investigation report, and neither party objected to the recalculated range.

Butler-Jackson acknowledged his escalating criminal history but noted that he was a victim of domestic abuse by his mother, lacked paternal support or a father figure, grew up in a disadvantaged socioeconomic environment, and suffered from intellectual disability (a low IQ), substance abuse, and mental health problems. The district court observed that this was Butler-Jackson's third firearm felony, he committed it while out on bond for a previous robbery (which he committed about two months after a previous firearm felony), and he possessed a semiautomatic pistol.  The district court also noted that Butler-Jackson had a criminal history category of V by age nineteen, including three firearm charges and one shooting, as well as numerous probation violations.

The district court sentenced Butler-Jackson to fifty months' imprisonment.  In explaining the upward variance, the district court cited the need to promote respect for the law, provide adequate deterrence, and protect the public.  The district court recapped Butler-Jackson's significant criminal history at a very young age, which appeared to be escalating—including the prior robbery while out on bond, his firearm possession in this case while out on bond for the robbery, the three firearm felonies, the shooting, multiple burglaries, numerous violations of probation, and an apparent inability to comply with any noncustodial sentence.  Butler-Jackson

objected to the upward variance and to the substantive reasonableness of the sentence, arguing that the mitigating evidence warranted relief and that the upward variance wasn't supported by the record.

## STANDARD OF REVIEW

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it's unreasonable based on the facts of the case and the section 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

## DISCUSSION

Butler-Jackson argues that the district court abused its discretion by imposing the same fifty-month sentence as it imposed when it erroneously calculated his criminal history category. He contends that the district court should've weighed the mitigating factors of his difficult upbringing, low IQ, and mental health and substance abuse problems more heavily than the aggravating factors that prompted an upward variance.

A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper

factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The proper factors are set out in section 3553(a) and include the nature and circumstances of the offense; the history and characteristics of the defendant; the seriousness of the crime; the need to promote respect for the law, provide just punishment and adequate deterrence, and protect the public from further crimes of the defendant; and the guideline range. 18 U.S.C. § 3553(a).

We've "underscored" that we must give "due deference" to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quotation omitted). Along with the section 3553(a) factors, the district court should consider the particularized facts of the case and the guideline range. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1259–60 (11th Cir. 2015). But the district court has discretion to give heavier weight to any of the section 3553(a) factors (or combination of factors) than to the guideline range. *Id.* at 1259.

The district court also has wide discretion to decide whether the section 3553(a) factors justify a variance. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 141 S. Ct. 1648 (2021). We don't presume that a sentence outside the guideline range is unreasonable, and we give deference to the district court's decision that the section 3553(a) factors support its chosen sentence. *Irey*, 612 F.3d at 1187. The district court's justification for a variance must be "sufficiently compelling to support the degree of the variance." *Id.* at 1186–87 (quotation omitted). A sentence that's well below

the statutory maximum for the crime is an indicator of its reasonableness. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014).

The district court didn't abuse its discretion in imposing the same sentence on remand despite the lowering of Butler-Jackson's criminal history category from VI to V. The district court carefully laid out its reasoning in light of the section 3553(a) factors and the aggravating factors of Butler-Jackson's serious criminal history at a young age. The district court was within its wide discretion to give greater weight to Butler-Jackson's criminal history than to his mitigating circumstances and determine that an upward variance was warranted. *See Rosales-Bruno*, 789 F.3d at 1263 ("Under substantive reasonableness review, we have repeatedly affirmed sentences that included major upward variances from the guidelines for defendants with significant criminal histories that the sentencing courts weighed heavily."). And the sentence remains well below the statutory maximum term of 120 months.

**AFFIRMED.**